UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROSEMARY YOBOBY,

                              Plaintiff,

   -against-

SHIMIZU SUSHI INC. d/b/a Sushi Lin
and EASTLAKE EQUITIES LLC,

                              Defendants
-------------------------------------------------------------x

**Case No.** _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Rosemary Yoboby (hereafter referred to as "plaintiff"), by counsel, Nacmias Law Firm, PLLC, as and for the Complaint in this action against defendants SHIMIZU SUSHI INC. d/b/a Sushi Lin and EASTLAKE EQUITIES LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

1

2. These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong by making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff has been and remains a resident of the State of New York in the borough of Brooklyn.

6. At all times relevant to this action, plaintiff has been and remains bound to ambulate in a wheelchair because of a stroke that affected the right side of her body. As a result, Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Plaintiff lives in Crown Heights, Brooklyn, New York.

8. At all relevant times, the defendants operate and/or lease property located at or about 335 Flatbush Ave, Brooklyn, NY 11217 (hereinafter referred to as the "Premises").

9. Each defendant is licensed to and/ or does business in New York State.

10. At all relevant times, the defendants operate a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8- 102(9)).

12. The Premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

13. Numerous architectural barriers exist at defendants' place of public accommodation (the "Premises") that prevent and/or restrict access to plaintiff, a person with a disability.

14. Upon information and belief, the Premises was designed and constructed for first possession after January 26, 1993.

15. Upon information and belief, at some time after January 1992, defendants made alterations to the Premises, including areas adjacent and/or attached to the Premises.

16. Upon information and belief, at some time after January 1992, defendants made alterations to the Premises.

17. Plaintiff travels within Brooklyn and travels within her neighborhood to enjoy

time with friends and family.

18. Plaintiff also visits the area on other occasions such as for family outings, shopping, and dinners.

19. On or about June 12, 2024, plaintiff attempted to and desired to access the Premises because the Defendants unique and specialized seafood. Google user reviews have described the restaurant as "providing unique ingredient pairings." Other reviews describe the food as "One of the best meals of our lives so far."

20. Plaintiff was particularly interested in trying the seared salmon nigiri.

21. These reviews were a motivation for Plaintiff to try to patronize the Defendant's restaurant.

22. Barriers at the Premises prevented Plaintiff from gaining access and Plaintiff is aware that the same barriers still exist today.

23. Specifically, Plaintiff encountered a significant step at the main entrance with no means of contacting the interior of the Premises for assistance.

24. The encounter caused plaintiff to feel embarrassed and discriminated against.

25. Despite the encounter, Plaintiff desires and intends on returning to the Premises when it is free of barriers.

26. Defendants' place of public accommodation is less than 15 minutes away from where Plaintiff resides.

27. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA

adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

28. Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

29. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

30. Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

I. INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEPS AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.
   a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. Accessible routes shall be provided where required by 206.2. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). Changes in level shall comply with 303. Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. INACCESSIBLE DINING TABLES AT INTERIOR DINING AREA. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM

5

    PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

III.    INACCESSIBLE DINING AREA. INACCESSIBLE TRAVEL PATH TO DINING TABLES. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT TRAVEL PATH TO DINING TABLES.

    a. Accessible routes shall comply with 402. Accessible routes shall consist of one or mote of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps, excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4. Walking surfaces that are a part of an accessible route shall comply with 403. Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

31. The above listing is not to be considered all-inclusive of the barriers, which exist at the Premises.

32. Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

33. As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

34. Defendants have denied plaintiff the opportunity to participate in or benefit

from services or accommodations because of a disability.

35. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

36. Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

37. Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

38. Plaintiff intends to patronize the defendants' place of public accommodation several times after it becomes fully accessible and looks forward to the unique experience the Premises provides.

**FIRST CAUSE OF ACTION**
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

39. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

40. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted range of motion.

41. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

42. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

43. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

44. By failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

45. Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

46. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

47. Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

48. Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

49. 28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements

of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

50. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

51. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

52. In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

53. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28

C.F.R § 36.101 *et. seq.*

54. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

55. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

57. Defendants have and continue to subject plaintiff to disparate treatment by

denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

58. Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the defendants have aided and abetted others in committing disability discrimination.

59. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

60. In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

61. It would be readily achievable to make defendants' place of public accommodation fully accessible.

62. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

63. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

64. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

65. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66. Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

67. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

*The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.*

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

68. Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8- 107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

69. Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

70. Defendants have subjected, and continue to subject, plaintiff to disparate

11

treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

71. Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

72. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

73. Upon information and belief, defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

74. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

75. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

76. By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

12

77. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

78. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

79. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

80. Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

## INJUNCTIVE RELIEF

81. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

82. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

83. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

84. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## **ATTORNEY'S FEES, EXPENSES AND COSTS**

85. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the

Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 25, 2024

Brooklyn, New York

    Respectfully submitted,

**Nacmias Law Firm, PLLC**
Attorney for Plaintiff
592 Pacific Street, 1st Fl
Brooklyn, New York 11217
(917) 602-6057

By: /s/ Andre Autz, Esq.
**Andre Autz, Esq. (5802095)**
andreautzesq@gmail.com